# A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

## UNITED STATES DISTRICT COURT
### Middle _____ DISTRICT OF LOUISIANA

Kelvin Ray Smith #94994

*Plaintiff's full name (first-middle-last)*
*and prisoner number.*

**VERSUS**

James LeBlanc, Secretary
State Of Louisiana, Department
Of Public Safety and Corrections

*Defendant(s) full name*

CIVIL ACTION

NO.: _____

SECTION: _____

### Instructions for Filing Complaint by Prisoners
### Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

**IF YOU ARE A PARISH PRISONER**, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER**, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for **each** defendant no longer employed by the Department of Corrections.

**All copies of the complaint must be identical to the original.**

The names of all parties must be listed in the caption and in part III of the complaint exactly the same.

In order for this complaint to be filed, it must be accompanied by the filing fee of $400.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed this form, e-mail the original and copies to the Clerk of the United States District Court for the ___Middle___ of Louisiana.

I.    **Previous Lawsuits**

    A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?   Yes (✓) No ( )

    B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.  Parties to this previous lawsuit

        Plaintiff(s): ___Kelvin Ray Smith #94994___

        Defendant(s): ___James LeBlanc, Secretary, Dept. of Public Safety & Corrections___

    2.  Court (if federal court, name the district; if state court, name the parish): ___United States Middle District of Louisiana___

    3.  Docket number: ___17-CV-01801___

    4.  Name of judge to whom case was assigned: ___BAJ-RLB___

    5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): ___Petition for Damages (dismissed without prejudice)___

    6.  Date of filing lawsuit: ___December 22, 2017___

    7.  Date of disposition: ___March 5, 2018___

    C.  Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?   Yes ( )   No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_____

II.   **Place of present confinement:** ___Louisiana State Penitentiary___

    A. Is there a prisoner grievance procedure in this institution?   Yes (✓) No ( )

    B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (✓)      No ( )

I. Previous Lawsuits – 1 of 2

1. Parties to this previous lawsuit
   Plaintiff(s) : Kelvin Ray Smith #94994
   Defendant(s): Darrel Vannoy, Warden, Dept. of Public Safety & Corr.

2. 19th Judicial District Court, East Baton Rouge Parish

3. Docket Number : C-646808

4. Commissioner Q. Lawrence and Judge R. Michael Caldwell

5. Remanded to the Disciplinary Board for a rehearing; Disciplinary Board dismissed report and expunged.

6. Date of filing lawsuit : February 17, 2016

7. Date of disposition : July 19, 2016

(2.)

I. Previous Lawsuits - 1 of 3

1. Parties to this previous lawsuit
   Plaintiff(s) : Kelvin Ray Smith #94994
   Defendant(s): Darrell Vannoy, Warden, ETAL

2. 19th Judicial District Court, East Baton Rouge Parish

3. Docket Number: C-673895

4. Commissioner N. Robinson And Judge R. Michael Caldwell

5. Reversed; ordered Disciplinary Appeal Office And Warden to Answer plaintiff(s) disciplinary Appeal within 45 days.

6. Date of filing lawsuit : September 5, 2018

7. Date of disposition : April 16, 2019

(3.)

C. If your answer is YES:

1. Identify the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed. Appeal Number LSP-2019-0295; Case No. LSP-2019-1377

2. What steps did you take? Appealed to Warden And filed Administrative Remedy Procedure (ARP) And Secretary, Headquarters Dept. of Public Safety &

3. What was the result? Both denied by Warden + Secretary, Dept. of Public Safety & Corr.

D. If your answer is NO, explain why not: _____

_____

_____

III. **Parties**

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s): Kelvin Ray Smith #94994
Louisiana State Penitentiary
Angola, Louisiana 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant, James LeBlanc is employed as Secretary at State of Louisiana Department of Public Safety and Corrections
Address for Service: 504 Mayflower St. Baton Rouge, LA 70804

C. Additional Defendant, Darrel Vannoy is employed as Warden at Louisiana State Penitentiary
Address for Service: Angola, LA 70712

D. Additional Defendant, Joe Lamartinere is employed as Warden at Louisiana State Penitentiary
Address for Service: Angola, LA 70712

E. Additional Defendant, Timothy Delaney is employed as Warden at Louisiana State Penitentiary
Address for Service: Angola, LA 70712

Cont. III Parties

F. Additional Defendant, Jimmy Smith is Employed As Warden At Louisiana State Penitentiary
Address for Service: Angola, LA 70712

G. Additional Defendant, Kristen Hooper is Employed As Major At Louisiana State Penitentiary
Address for Service: Angola, LA 70712

H. Additional Defendant, Joseph Hooker is Employed As Lt. Col. At Louisiana State Penitentiary
Address for Service: Angola, LA 70712

I. Additional Defendant, William Russo is Employed As Lt. Col. At Louisiana State Penitentiary
Address for Service: Angola, LA 70712

J. Additional Defendant, Barrett Boeker, A person of full Age of Majority residing And domiciled IN Louisiana State Penitentiary
Address for Service: Angola, LA 70712

K. Additional Defendant, Bree Delaney is Employed As Lt. At Louisiana State Penitentiary
Address for Service: Angola, LA 70712

(2.)

Cont. III Parties

L. Additional Defendant, Casandra Temple is Employed as Lt. Col. at
Louisiana State Penitentiary
Address for Service: Angola, LA 70712

M. Additiona Defendant, Kevin Benjamin, A person of full age of majority
residing and domiciled in Alexandria, LA 71302          And
May be Served at: 219 Gabriel Lane

N. Additional Defendant, Leslie Dupont, a person of full age of majority
riding and domiciled in Batchelor, LA 70715-3003          And
may be served at: 14632 Kimble Rd.

O. Additional Defendant, Libby Roblin is Employed as Lt. at
Louisiana State Penitentiary
Address for Service: Angola, LA 70712

(3.)

IV.    **Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Plaintiff represents and shows these issues to be recurring and that each defendant and additional defendants either directly participated or had knowledge of this continuing retaliation, falsifying investigative report, cruel and unusual punishment, deprivation of a liberty entitlement, denial of retained outside counsel and to obstruct justice via conflict of interest upon plaintiff.

On October 18, 2017, M.Sgt. Eric Lewis advised his supervisor that he observed a Nissan Altima parked at the Camp "A" Laundry. The LSP's shakedown crew conducted a search of the area and found contraband and illegal drugs in a garbage barrel located outside in front of the Camp A Laundry. Plaintiff was the only Camp A Laundry crew of (4) offenders targeted concerning this investigation via a falsified investigative report stating that a Cadet Jenkins admitted to conspiring with offender Kevin Smith #94994, who worked in the Laundry for to pick the contraband up and smuggle into the Main Prison.

Plaintiff on the night of the 18th of October 2017, while in my housing Unit OAK-2 was confronted that night by Lt. Col. Williams, Capt. Coleman and Capt. Reid with orders to shakdown Smith. Nothing of any kind of contraband nor unauthorized items were found. Thereafter, Capt. Reid, per orders of Warden Tim Delaney wrote plaintiff a disciplinary report for a rule 30W violation and placed in Administrative Segregation.

The disciplinary hearings for plaintiff were deferred over a period of (2) months, 10-20-2017 first appearance to 12-11-2017 last appearance. Reasons for deferral purposes from requesting corroborating evidence, which resulted to a split board decision. At the new hearing, 12-11-2017, before a new board chairman, Major Rosso denied allowing plaintiff to present

IV. Statement of Claim - 1 of 2

motions. Major Rosso reasoned that: "they were Already raised in the first hearing that led to a split board decision". At the New hearing (12-11-17), plaintiff was denied his rights to make the following motions: (1.) Motion for outside retained counsel; (2.) Motion for Cdt. C. Jenkins recorded Admission of his Actual confession; (3.) Motion to view text messages; (4.) Motion for photocopy of the contraband items And illegal drugs. There was no Evidence presented at Either disciplinary hearing to Corroborate Major K. Hooper's investigative report i.e. fictitious report stating Cdt. C. Jenkins Confessed to her that Smith was co-conspirator And transporter. Plaintiff was found guilty of rule 30-w. Neither Chairman Amended the rule 30-w to a contraband and/or unprofessional relationship with An employee based on Major K. Hooper's investigative report, i.e. phantom report in which Cdt. C. Jenkins confessed to her. Lt. Col. Casandra Temple, who is responsible to instruct and train Major K. Hooper had knowledge that Cdt. Jenkin did not give a confession implicating Smith as his co-conspirator And did nothing to Correct or should have had knowledge that Major K. Hooper's investigative report was falsified. Warden Jimmy Smith at the time was warden over the Main Prison Cellblock where Cdt. C. Jenkins And Co-conspirator, offender Justin Collins #559962 worked as a Cellblock walk orderly, who Warden T. Delaney Also per his order had written-up on a rule 30-w relative to co-conspirator. Warden Jimmy Smith is responsible for instructing and training Cdt. C. Jenkins And offender Collins, thus having knowledge and did nothing to Correct what confession i.e. falsified investigative report and/or if not

(2.)

IV.  Statement of Claim - 1 of 3

Should have had knowledge that Major K. Hooper's investigative report was falsified. Former, Warden Kevin Benjamin, warden over Main Prison Complex is responsible for instructing and training Main Prison supervisor's and employee's had knowledge that Major K. Hooper's investigative report was a fictitious report and/or if not should have and did nothing to correct. All defendant(s) had or should have had knowledge that Major Kristen Hooper's investigative report implicating Smith as a co-conspirator was a falsified report and did not to correct.

Thereafter, plaintiff on 12-15-17 filed a timely disciplinary appeal to the warden. On January 3, 2018, Lt. L. Roblin disciplinary appeal officer rejected Smith's disciplinary appeal to the warden as untimely. On January 8, 2018, I was sent notice my disciplinary appeal to the warden was rejected as untimely. On January 22, 2018, I returned the receipt requesting to file an appeal to the Secretary of Dept. of Corrections. On February 2, 2018, the secretary rejected my appeal and on February 26, 2018 plaintiff signed notice that I received the secretary of Dept. of Corrections answer.

On September 5, 2018, plaintiff filed a timely Judicial Review Application in the 19th Judicial District Court, East Baton Rouge Parish alleging my disciplinary appeal was timely filed when placed in prison official hand to place in the prison mailbox because I did not have that priviledge being in Administrative Segregation. On February 14, 2019, Commissioner Nicole Robinson issued her recommendation to reverse the disciplinary appeal office untimely rejection and ordered to answer Smith's disciplinary appeal. On April 16, 2019, Judge Caldwell adopts the recommendation.

(3.)

IV Statement of Claim - 1 of 4

On May 6, 2019, I forwarded a correspondence to the Office for Disciplinary informing that I received on May 3, 2019 Judge R. Michael Caldwell, 19th Judicial District Court order and requests to file Supplemental Appeal to DBA NO LSP-2018-0011. The disciplinary Appeal office did not respond.

On July 2, 2019, my Administrative remedy procedure request was accepted as Case Number: LSP-2019-1377. This ARP was filed because an answer to my May 6, 2019 correspondence was to no avail. The First Step Response Form was prepared by Lt. Bree Delaney, Approved by AW2, Support Services Barrett Boeker And on July 16, 2019 denied by Deputy Warden Joseph F.G. Lamartinere Unit Head. Smith checked to indicate dissatisfied and wish to proceed to Step Two. Reason: Because Lt. B. Delaney, Warden B. Boeker and Warden J. Lamartinere had all approve denying the contents prepared by Lt. B. Delaney, which was not what I requested ARP pertaining to. I explained that my ARP was concerning disciplinary office not responding to my correspondence to supplement my Appeal and them being in default of the compliance 45 days the Court ordered In my response reason, I had supplemental evidence which if been Allowed presented could have resulted in a reversal or modification in my wrongful conviction of 30-w. Plaintiff pointed to decisions and procedures that disciplinary hearings concerning Smith were denied but Granted in other offender's disciplinary hearings. Such As follows:

In a similar situated case involving former Warden D. Barr's, son Sgt. Aaron Barr arrest for introduction of contraband in a penal system. i.e. Angola. Sgt. Aaron Barr gave an admission i.e. confession to investigative

(4.)

IV.   Statement of Claim - 1 of 5

Service of his co-conspirator, offender Baza. At offender Baza's disciplinary hearing. Sgt. A. Barr's Admission recorded confession implicating Baza as co-conspirator was played at Baza's disciplinary hearing.

On another similar situated disciplinary hearing wheras, Offender Darrell Fall was written up for less than a half gram of synthetic marijuana. At his disciplinary hearing, on motion for outside retain counsel. The disciplinary board granted motion for outside retained counsel.

Neither of these offender's were charged in a criminal tribune or plaintiff. Yet, when plaintiff motion for Cdt. Jenkins recorded admission to be played at the disciplinary hearing, it was denied. Lt. B. Delaney and Warden Vannoy, Warden J. Lamart were signed off on Lt. B. Delaney answer to my disciplinary hearing, that Cdt. Jenkins recorded confession was confidental, although, Major K. Hooper's clear and precise account as stated is her investigative report supports their reason to have no doubt of her investigative report provided to Smith's disciplinary hearing as evidence to find me guilty of rule 30-w. As to, Smith not being granted on motion for outside retain counsel. In Lt. B. Delaney response was because Smith was not being charged in a criminal tribune.

On July 8, 2019, Ms. Shelley D. Moore, outside retained counsel retained to represent plaintiff. Ms. Moore of Tommie N. Gipson, Jr. Law Office wrote a correspondence to Wdr. Vannoy in reference to Kelvin Ray Smith #94994 v. Dept. of Corr., ET AL Docket# 673, 895 sec. 24 informing that they were retained to represent at the first hearing and was denied.                    (5.)

IV. Statement of Claim - 1 of 6

And they are readily and available to represent Smith in the upcoming decision of the 19th Judicial District Court Order. Again, Warden Vannoy response was to no avail.

What was most important and convincing evidence which would have compelled reversal of Smith's guilt of 30-w or Co-conspirator was the confession from offender's Ralph Singleton and Danny Batagama that they admitted to Warden Delaney and other officials i.e. Warden's that they had been the transporters to the Main Prison Complex for nearly a year in operation. Their confessions came when Sgt. T. Carter was arrested for introduction of contraband. Sgt. Carter was indicted by federal authority among other offender's from Angola. Offender Singleton and Offender Batagama were not charged in a criminal tribune. In their confession, it was explained how they used the garbage areas around the outside perimeter for drop off's and transported in the back sally port to the gym for distribution. These offender's A.K.A. Good Ole Boy's i.e. "Snitches" for Warden Kevin Benjamin and Warden Leslie Dupont. Warden Boeker approved Lt. B. Delaney perparation answer to my ARP and knowing he had discovered contraband himself that the offender's were not able to pick up by the employee's living quarters outside within a big tire.

On September 21, 2019, Second Step was denied, although the initials for the Secretary's Signature or His Designee are not signed as required.

I received Correspondences from Lt. B. Delaney on July 18, 2019 and July 26, 2019. On July 31, 2019 Dept. of Corr., Secretary, Designee initialed my disciplinary appeal denial.

(6.)

IV.    Statement of Claim - 1 of 7

This proves and show Warden T. Delaney and Lt. B. Delaney had their personal interests in assuring that the 30w disciplinary report was not challenged nor reversed or modified. Their actions and conduct clearly represents a conflict of interest and Lt. B. Delaney's abuse of discretion in her decision on my disciplinary appeal and my administrative remedy procedure.

This is a case of recurring issues arising after plaintiff received a recommendation under Governor Bobby Jindal's, Pardon and Parole Board. By Gov't. Jindal leaving office and did not deny the Pardon Board recommendation. The rule of the Louisiana Pardon and Parole Board is that being not denied I had to resubmit a new application under the incoming Governor John Bel Edwards. This was timely submitted and plaintiff had no disciplinary report to prevent the Board from granting a new clemency hearing. The first hearing was decided by the chairman and Board members to be continued.

On or around about December 16, 2016, the continued hearing commenced and the board recommended 99 yes. immediately parole eligibility. Warden L. Dupont was the spokesman at the continued hearing and stated "He go to work everyday". At the second hearing Warden L. Dupont was spokesman and stated "Yeah, I see he been in maximum security quite a few times but never stay long." This was 22 yrs plus but nothing stated concerning the 22 yrs. I had worked in Camp A Laundry without any disciplinary reports.

On Governor John Bel Edward first term and did not deny my clemency recommendation. Pardon Board rule is to apply for an in office review.    (7.)

IV.   Statement of Claim - 1 of 8

If applied and had a disciplinary report, it automatically deny the in office review. Upon my case in office review, the Chairman and Board member had an option to remand the case back to have another clemency hearing or forward the case to the Governor desk for his decision. The Chairman and Board members voted 4-1 to send my case to the Governor desk. On or around about July 2017 the Chairman provided me with a letter informing that my case and file had been forward to the Governor Office for his decision.

On or about October 15, 2017, Sunday rodeo, Warden Dupont announced that he was retiring. On October 18, 2017, per order of Warden T. Delaney. I was wrote up for 30-W and placed in administrative segregation. This 30-W write up was a well calculated diabodical scheme to have my clemency recommendation appear as if the Pardon Board never made the recommendation and forwarded the case and file to the Governor's office for consideration.

On April 12, 2020, I received a correspondence from John R. Pochs, Jr. of the Louisiana Board of Pardons and Parole. In his letter it states "After careful consideration, the Pardon Board has determined that your clemency application will be closed. The Board is taking this action because you were found guilty of a disciplinary write-up on December 11, 2017, in which you received the write-up on October 18, 2017." It appear that my case and file was not forward to the Governor as the Chairman notified it was and that someone responsible for sending the case and file evidently did not and Mr. Pochs letter appears my clemency application was rejected because of the write-up, which comes after it was supposely sent to the Governor Office.

( 8. )

IV.  Statement of Claim - 1 of 9

Plaintiff had a clemency recommendation, which was supposely had been forward to the Governor's office for consideration.

Former Warden Dupont, these recurring issues continuously occurred because of my pass and present civil litigations. When you were Chief of Security and continued as Deputy Warden. I notice you managed to never have to sign your signature on any documents i.e. threw your brick and hid your hand. The true saying is that words have power and the tongue speaks of life and death, i.e. being spokesman at both pardon board hearings, your bias and unprofessional vindiction was revealed in a public form. As a Chief of Security and Deputy Warden you were responsible for instructing and training LSP securities. It is very unlikely you did not have knowledge of all the corruption Anglo's disciplinary Boards conducted and other protocols violated, which represents and shows within my pass and present civil litigations. Eventhough, your signature managed not to be on any paperwork still the power of your words at both pardon board hearings were perfected. If you did not have knowledge, being chief of security, Deputy Warden and the bias spokesman at my pardon board hearings, you should have known.

Warden Vannoy, being warden over LSP and having responsibility assuring all employee's are instructed and trained, its unlikely that you can say that you did not have knowledge. You almost managed not having your signature on any corrupt document knowledge until 19th Judicial District Court, Judge ordered my appeal answered.

(9.)

IV.    Statement of Claim - 1 of 10

As head warden, you did not honor my attorney calls nor correspondence. You never spoke or answered any calls from my family members. More importantly, After all the years working at your security laundry serving all employee's. You not once felt that we discuss this issue or suggest I take a lie detector test. Your mind was made up that you were as bias as former Deputy Warden Dupont and all the game player's to undermine an opportunity for me to be considered to go home with my children's, Grands and great grandchildren. Being LSP head warden its your responsibility for instructing and training all LSP employee's and if you did not know of these continuous recurring issues because of my pass and present civil litigations represents and shows all the corruption with LSP employee's. Then your title as LSP head warden makes it that you should have known.

Plaintiff represents and shows that other unknown defendants and other known defendants continuously conspiring to retaliate for my pass and present civil litigations, falsifying reports, injuring public records, cruel and unusual punishments, obstruction of justice and deprivation of my liberty entitlement Acts and conducts upon plaintiff.

Plaintiff represents and shows that known and unknown defendants conspired to have plaintiff wrongfully wrote up on October 18, 2017, for to deliberately cause plaintiffs pardon board recommendation to be subjected to John R. Pochs, Jr. April 12, 2020 letter.

(10.)

IV.     Statement of Claim - 1 of 11

John R. Pochs, Jr. is a Louisiana Board of Pardons and Parole employee. Mr. Francis Abbott is, Director of Louisiana Board of Pardons and Parole, so too, Warden Vannoy's son-n-law.

These listed defendants are being sued herein individually and in their official capacity, as an agent of the Department of Public Safety and Corrections. Reference to "Defendant" or "Defendants" herein shall mean one or more individual entities above, and co-conspirators acting in concert with them. Plaintiff sues each and all individual defendants in both their individual capacity and their official or government capacity.

This is a civil action seeking damages against defendants and co-defendants in their official and independent capacities for committing acts, under color of law, which deprived plaintiff of rights secured under the Constitution and laws of the United States and Louisiana Department of Public Safety and Corrections, for conspiring for the purpose of depriving Plaintiff of redress and without due process and equal protection of law.

The United States Middle District federal Court has jurisdiction under 42 United States Code, section 1983 and 1988, and 28 USC, section 1331 and 1343. Jurisdiction of this Court is further invoked pursuant to 28 USC, section 1367, in its exercise of supplemental jurisdiction over Louisiana State law claims that are so related to claims in the action within the districts courts jurisdiction that they form a part of the same case under Article III of the U.S. Constitution.          (11.)

## V.     Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits.

Plaintiff wants to have a day in Court to represent and show this Conspiracy calling witnesses and evidence; Plaintiff wants to be compensated; have the 30-w disciplinary report expunged and to assure that my Clemency recommendation is as the Chairman and Board Members recommended it to be on the Governor's desk for his consideration. That, if any or all is proven to have committed crimes which can be tried in a Criminal tribune, that any and all be charged. All court cost and summons served to be reimbursed and attorney fees. A declaratory judgement that the practices, acts and omissions complained of herein violated Plaintiffs rights; Compensatory damages against each Defendants, jointly and severally; Punitive damages against Defendants; and Jury trial; and such further relief as the Court may deem just and proper. Punitive damages against each defendants and served in a high sufficiently positions, they were a proxy for the Department of Corrections, punitive damages against the Louisiana Department of Corrections. Retention of jurisdiction over Defendants until such time that the Court is satisfied that defendants unlawful policies, practices, acts and omissions no longer exist and will not recur. Compensatory damages in the amount of $50,000; Punitive damages in the amount of $150,000.

## VI.    Plaintiff's Declaration

1)    I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2)    I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3)    I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this _12th_ day of _June_ , 20 _20_ .

Signature: _Kelvin Ray Smith #94994_

Print Name: _Kelvin Ray Smith #94994_

Address: _Spruce Unit Four_

City/State/Zip: _LA. State Penitentiary, Angola, LA 70712_