## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KELVIN RAY SMITH (#94994)**  **CIVIL ACTION NO.**

**VERSUS**  **20-371-JWD-EWD**

**JAMES LeBLANC, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 28, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN RAY SMITH (#94994)**                    **CIVIL ACTION NO.**

**VERSUS**                                       **20-371-JWD-EWD**

**JAMES LeBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint,[1] of Kelvin Ray Smith ("Plaintiff"), who is representing himself and is incarcerated at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's claims be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted.

### I.     Background

Plaintiff brings this action against James LeBlanc, Darrel Vannoy, Joe Lamartinere, Timothy Delaney, Jimmy Smith, Kristen Hooper, Joseph Hooker, William Rosso, Barrett Boeker, Bree Delaney, Casandra Temple, Lt. Kevin Benjamin, Leslie Dupont, and Libby Roblin (collectively "Defendants")[2] in their individual and official capacities,[3] under 42 U.S.C. § 1983 alleging that Defendants "either directly participated or had knowledge of this continuing retaliation, falsifying investigative report, cruel and unusual punishment, deprivation of liberty entitlement, denial of retained outside counsel and to obstruct justice via conflict of interest upon

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 6-8.
[3] R. Doc. 1, p. 19.

plaintiff."[4]  Plaintiff seeks injunctive, declaratory, and monetary relief.[5]  As the allegations relate to multiple causes of action, the operative facts are summarized below.

On October 18, 2017, Eric Lewis ("Lewis") advised his supervisor that he observed a Nissan Altima parked at the Camp A Laundry.[6]  In response, the area was searched, resulting in the discovery of illegal drugs.[7]  Although four inmates were working in Camp A Laundry, Plaintiff was the only one "targeted" for the investigation arising from the discovery of illegal drugs.[8]  This was because "a Cadet Jenkins admitted to conspiring with Offender Kevin Smith…who worked in the laundry…to pick the contraband up and smuggle into the main prison."[9]  That evening, Williams, Coleman, and Reid confronted Plaintiff "with orders to shake [him] down," but no contraband was found.[10]  Thereafter, Delaney ordered Reid to issue a disciplinary report to Plaintiff and place Plaintiff in administrative segregation.[11]

It appears the disciplinary proceedings were drawn out for various reasons, including issues regarding discovery of evidence; in total, the proceedings lasted from October 20, 2017 to December 11, 2017.[12]  At the final hearing on December 11, 2017, Rosso refused to allow Plaintiff to present "Motions."[13]  No evidence was introduced at either of Plaintiff's disciplinary proceedings to corroborate Hooper's investigative report that stated Jenkins had confessed to Plaintiff being a co-conspirator.[14]  Regardless, Plaintiff was found guilty.  Plaintiff filed what he

---

[4] R. Doc. 1.
[5] R. Doc. 1, p. 20.
[6] R. Doc. 1, p. 9.
[7] R. Doc. 1, p. 9.
[8] R. Doc. 1, p. 9.
[9] R. Doc. 1, p. 9.
[10] R. Doc. 1, p. 9.
[11] R. Doc. 1, p. 9.
[12] R. Doc. 1, p. 9.
[13] R. Doc. 1, pp. 9-10.  The Motions Plaintiff sought to enter were a motion for outside counsel, a motion requesting a recorded confession from Jenkins, a motion to view text messages, and a motion for photocopy of the contraband items and illegal drugs recovered.
[14] R. Doc. 1, p. 10.

alleges was a timely disciplinary appeal to the warden, but the appeal was rejected as untimely by disciplinary appeal officer Roblin. Plaintiff appealed to the Secretary of the Department of Corrections, but his appeal was rejected.[15] Plaintiff appealed this decision to the 19th Judicial District Court, which reversed the decision of the disciplinary board finding that the disciplinary appeal was timely, and ordered that Plaintiff's disciplinary appeal be answered.[16] Based on Plaintiff's allegations, he was eventually able to retain outside counsel for his disciplinary appeal.[17] Plaintiff alleges he had evidence that he was not the inmate smuggling contraband into the prison, including confessions from two other offenders, wherein those offenders admitted "that they had been the transporters to the main prison complex for nearly a year in operation."[18] Nevertheless, according to Plaintiff's complaint, it appears the appeal was eventually denied by the Secretary.[19]

Plaintiff alleges various actions of Delaney and Bree Delaney demonstrate they had a "personal interest in assuring that the 30W disciplinary report was not challenged nor reversed or modified…and Lt. B. Delaney's abuse of discretion in her decision on my disciplinary appeal and my administrative remedy procedure,"[20] which was filed in connection with the delayed response for the disciplinary appeal.[21] Plaintiff's sole apparent issue with his disciplinary proceedings is that, as a result thereof, he is now prevented from being eligible for a hearing before the parole board.

---

[15] R. Doc. 1, p. 11.
[16] R. Doc. 1, pp. 11-12.
[17] R. Doc. 1, p. 13.
[18] R. Doc. 1, p. 14.
[19] R. Doc. 1, p. 14 ("On July 31, 2019 Dept. of Corr., Secretary, Designee initiated my disciplinary appeal denial."). Though Plaintiff ultimately received a response, he alleges, initially, no one responded to his disciplinary appeal, so he initiated the grievance process. R. Doc. 1, p. 12. His grievance was denied by Bree Delaney, Boeker, and Lamartiniere. Plaintiff does not provide the details regarding the denial of his grievance but alleges it was misinterpreted. R. Doc. 1, p. 12.
[20] R. Doc. 1, p. 15.
[21] R. Doc. 1, p. 12.

According to Plaintiff, both Temple and Jimmy Smith are liable because these Defendants either knew or should have known that the investigative report authored by Hooper, stating that Jenkins had confessed to partnering with Plaintiff to smuggle contraband into the prison was "falsified," and neither Defendant acted to correct the falsity.[22] Plaintiff alleges this knowledge and failure to act implicates Temple and Smith as co-conspirators.[23]

## II. Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e) this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. § 1915A this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.[24] Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[25] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[26] The law gives judges not only the

---

[22] R. Doc. 1, pp. 10-11.
[23] R. Doc. 1, p. 11.
[24] Plaintiff was granted permission to proceed *in forma pauperis* on June 18, 2020. (R. Doc. 4).
[25] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[26] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

authority to dismiss a claim that is based on a meritless legal theory, but also the rare power to pierce the veil of the factual allegations.[27] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[28]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[29] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[30] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[31] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[33]

---

[27] *Denton,* 504 U.S. at 32.
[28] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[29] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[30] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[32] *Id.*
[33] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### B. Plaintiff has Not Stated a Claim Regarding the Alleged False Disciplinary Report/Related Proceedings[34]

Plaintiff complains that he was denied due process in his disciplinary proceedings.[35] The procedures for prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment has subjected an inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate.[36] The only stated adverse consequence the disciplinary conviction imparted on Plaintiff is the negative consequences it had with respect to his parole hearings.[37] Louisiana law does not create a liberty interest in parole that is protected by the Due Process clause,[38] and, thus, any effect the disciplinary charges had on Plaintiff's parole eligibility could not support a constitutional claim.[39]

---

[34] Though Plaintiff alleges Defendants conspired to charge him with disciplinary infractions and deny him due process (*see* R. Doc. 1, p. 20), this Report does not reach the conspiracy claims because, as discussed below, since there is no constitutional violation, any alleged conspiracy would not constitute a constitutional violation. *See Ybanez v. Stipe*, No. 19-277, 2020 WL 824109 (W.D. Tex. Feb. 19, 2020) (omitting a separate discussion of conspiracy in a similar claim). *See also Guerrero v. Turner*, No. 11-82, 2012 WL 760893, at *3 (E.D. Tex. March 26, 2012) *report and recommendation adopted by Guerrero v. Turner*, No. 11-82, 2012 WL 760876 (E. D. Tex., March 7, 2012) (dismissing a claim that correctional officers had conspired to cover up an alleged threat because the action complained of did not violate a constitutional right, so a conspiracy related to that action also could not deprive the plaintiff of a constitutional right).

[35] To the extent Plaintiff complains that outside counsel was not allowed to represent him in the disciplinary proceedings (R. Doc. 1, pp. 13-14), he also fails to state a claim because inmates do not have the right to counsel, retained or appointed, in disciplinary proceedings. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976), citing *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974)).

[36] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

[37] Plaintiff states he was placed in administrative segregation but does not provide any further details, and Plaintiff does not appear to take issue with his change in housing assignment. R. Doc. 1, p. 9. Being placed in administrative segregation, alone, does not state a constitutional violation. *See Tucker v. Royce*, Nos. 09-35, 09-106 & 10-04, 2011 WL 541116, *6 (N.D. Miss. Feb. 8, 2011) (dismissing claim that particular housing assignment constituted cruel and unusual punishment).

[38] *Stevenson v. Louisiana Bd. of Parole*, 265 F.3d 1060 (5th Cir. 2001), citing *Sinclair v. Ward*, 205 F.3d 1338 (5th Cir. 1999) (the Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release). *See also, Bastida v. Leblanc*, 372 Fed.Appx. 443, 444 (5th Cir. 2010) (affirming the district court's dismissal as frivolous of a claim that the plaintiff was denied parole in violation of his due process and equal protection rights where the plaintiff failed to point to any state laws that would mandate release and thus, give rise to a liberty interest entitled to protection by the Due Process Clause.)

[39] *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995), citing *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995)("[B]ecause [the prisoner] has no liberty interest in obtaining parole … he cannot complain of the constitutionality of procedural devices attendant to parole decisions.")

### C. Plaintiff has Not Stated a Claim Relative to the Grievance Process

To the extent Plaintiff's Complaint may be interpreted as alleging a constitutional violation arising from the handling of his grievance,[40] he also fails to state a claim. Just as an inmate has no constitutional right to have his prison disciplinary proceedings properly investigated, handled, or favorably resolved, the same applies to administrative proceedings,[41] and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers*:[42]

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.[43]

Accordingly, any claim Plaintiff attempts to state arising from the handling of his grievance lacks merit and should be dismissed.

### D. Plaintiff has Failed to State a Claim for Retaliation

Claims of retaliation by prison inmates are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution.[44] Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant

---

[40] *See* R. Doc. 1, pp. 12-14.
[41] *Mahogany v. Miller,* 252 Fed.Appx. 593, 595 (5th Cir. 2007).
[42] 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance).
[43] *Id*. at 373-74. This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* No. 13-2, 2014 WL 1049164, at *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* No. 09-3003, 2009 WL 1792774, at *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").
[44] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,* was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that "but for" the retaliatory motive, the adverse action would not have occurred.[45]

Plaintiff has failed to identify what constitutional right he was exercising or attempting to exercise that formed the basis of the retaliatory acts. He has also failed to allege any facts indicating Defendants intentionally retaliated against him for the exercise of a constitutional right, as Plaintiff has not put forth direct evidence of motivation or, the more probable scenario, a chronology of events, that demonstrate causation.[46] Prior to the issuance of the disciplinary report, Plaintiff does not indicate any officers allegedly involved had a motive to retaliate against Plaintiff, and Plaintiff does not provide any facts demonstrating a motive after the issuance of the disciplinary report. Plaintiff's conclusory allegations of a "diabolical scheme"[47] concocted by fourteen Defendants to prevent Plaintiff from receiving parole are speculative and do not provide sufficient facts to show motive on the part of any Defendant to retaliate against Plaintiff. Claims of retaliation require more than conclusory allegations, such as those provided by Plaintiff.[48] Thus, his claims of retaliation must fail.

### E. Plaintiff has Failed to State a Claim for Equal Protection

To the extent Plaintiff has attempted to state an equal protection claim, that claim also fails. Plaintiff alleges that he was not allowed to present supplemental evidence in his disciplinary

---

[45] *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).
[46] *See Woods v. Smith*, 60 F.3d. 1161, 1164-65 (5th Cir.1995).
[47] R. Doc. 1, p. 16.
[48] *See Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). Plaintiff alleges the Defendants are "continuously conspiring to retaliate for my pass [sic] and present civil litigations…." R. Doc. 1, p. 18. Plaintiff provides no factual basis for this conclusory assertion, so it must fail. *Id.*

8

proceeding when other inmates have been allowed to introduce evidence.[49] Plaintiff's has not indicated that any particular class of individuals is treated differently than other classes in disciplinary proceedings, so his claim is for a "class of one." A plaintiff makes a "class of one" claim when he alleges that he has been intentionally treated differently from others similarly situated without a rational basis for the treatment.[50] Plaintiff complains of two matters involved in his disciplinary proceedings that were different from two disciplinary proceedings involving other inmates.

Plaintiff first takes issue with the fact that an audio recording of a confession of Cadet Jenkins, who allegedly confessed to smuggling contraband into the prison with Plaintiff, was not played at Plaintiff's disciplinary hearing.[51] Plaintiff alleges that his case was similarly situated to another inmate's proceeding where the audio recording of the confession of the officer co-conspirator was played at the disciplinary hearing.[52] Plaintiff also complains that he was not given outside counsel, when another inmate was granted outside counsel in a disciplinary proceeding.[53]

Plaintiff's conclusory allegations are insufficient to support a "class of one" equal protection claim, particularly where these assertions offer no basis upon which to determine that persons similarly situated to the plaintiff were treated differently without a rational basis. Plaintiff has not alleged that the inmates involved in the other disciplinary proceedings were similarly situated to him and has not provided more than conclusory assertions that the cases were similar.[54] Though Plaintiff and the inmate in the case involving the audio recording were both issued

---

[49] R. Doc. 1, pp. 12-13.
[50] *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601 (2008).
[51] R. Doc. 1, p. 13.
[52] R. Doc. 1, pp. 12-13.
[53] R. Doc. 1, p. 13.
[54] Further, as Plaintiff had two disciplinary hearings due to the first resulting in a "split board decision," he cannot claim that his second disciplinary hearing was similar to that of either of the other inmates he has discussed, as he does not indicate that either of these inmates required a second disciplinary hearing.

disciplinary violations based upon Rule 30W,[55] there are not any other stated similarities. Moreover, Plaintiff does even not allege that an audio recorded confession of Jenkins existed in his case; rather, he only states that a motion to play the audio recording was denied and appears to imply that such a recording does not exist because the investigative report was "falsified."[56] The dissimilarity of the case involving appointment of counsel is apparent, as it involved issuance of a disciplinary infraction due to possession of marijuana, not smuggling contraband.[57] Further, due to the unique nature of every disciplinary proceeding, it is likely a "class of one" claim is unavailable to Plaintiff.[58]

### F. Plaintiff Should Not Be Given Leave to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[59] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[60] Plaintiff has given a detailed and coherent recitation of the facts underlying his claims. The facts contained in Plaintiff's Declaration,[61] and that of John Henry Smith,[62] submitted in further support of Plaintiff's claims, were also considered as they expanded or clarified information in the Complaint. For the reasons outlined above, Plaintiff's claims are fatally infirm, as there is no conceivable, non-frivolous federal claim Plaintiff could assert against

---

[55] Plaintiff has also filed a "declaration" stating that he and the offender in the case involving the audio recording were both sentenced for violating Rule 30W, but this does not save his claim. R. Doc. 5.
[56] R. Doc. 1, pp. 10-11, 13.
[57] R. Doc. 1, p. 13.
[58] *See Reagan v. Burns*, No. 16-2590, 2019 WL 6733023 at *12, n. 18 (N.D. Tex. Oct. 30, 2019) (noting that the "class of one" theory may not apply in a prison disciplinary proceeding citing *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 605 (2008), wherein the Supreme Court "concluded that government employees cannot bring class-of-one claims challenging adverse employment because such actions are discretionary, based on a vast array of subjective, individualized assessments." The court further noted that "several [other] courts have broadly interpreted *Engquist* to preclude application of the 'class of one' theory to equal protection claims in disciplinary matters because they involve authorized governmental decisions considered inherently individualized and discretionary.").
[59] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. App'x. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[60] *Id.*
[61] R. Doc. 5.
[62] R. Doc. 6.

these Defendants consistent with the facts alleged. As granting leave to amend would be futile and cause needless delay, leave to amend should not be granted.

### G. The Court Should Decline to Exercise Supplemental Jurisdiction

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[63] Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims and that Plaintiff's federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915 and 1915A.[64]

### ORDER

Considering the above recommendation, **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel[65] is **DENIED** without prejudice to refiling if the above recommendation is not adopted.

---

[63] 28 U.S.C. § 1367.
[64] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.
[65] R. Doc. 3.

Signed in Baton Rouge, Louisiana, on October 28, 2020.

                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**